IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARLOS RADCLIFFE,

    Plaintiff,

  v.

ROBERT L. AYERS, JR., in his official capacity; and CORRECTIONAL OFFICER MARINO, individually,

    Defendants.
                                       /

No. C 09-1547 CW

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Docket No. 8)

    Defendants Robert L. Ayers, Jr. and Correctional Officer Marino move for summary judgment as a matter of law on Plaintiff Carlos Radcliffe's claims under 42 U.S.C. § 1983.  Plaintiff opposes their motion.  The motion was taken under submission on the papers.  Having considered all the papers submitted by the parties, the Court GRANTS Defendants' motion (Docket No. 8).

BACKGROUND

    This civil rights action arises out of Plaintiff's allegations of sexual harassment during his incarceration at California State Prison-San Quentin.  Plaintiff states that, when he attempted to send mail on March 9, 2008, Defendant Marino made sexually suggestive comments and lewd gestures toward him.  He believes that

Defendant Marino made these comments and gestures because he knew that they "would be particularly offensive to a Hispanic male like me." Radcliffe Decl. ¶ 2. Plaintiff filed an inmate appeal against Defendant Marino, which he claims was later "destroyed." Id. ¶ 4.

Because of this incident, Plaintiff states that he "felt extremely intimidated and threatened" by Defendant Marino and "feared retaliation by him." Id. ¶ 3. He states that he suffered "fear, terror, severe emotional distress, anxiety, humiliation, and embarrassment" and, as a result, sought and received mental health treatment. Id. ¶ 4. Also, Plaintiff asserts that, for two months, he would "miss meals every day Officer Marino worked." Id. ¶ 5.

Plaintiff states that, on March 25, 2008, he asked to be placed in the prison's administrative segregation unit (ASU) in order to avoid Defendant Marino; Defendants admit that he was moved to the ASU on May 1, 2008 because of his "self-proclaimed safety concerns." Id. ¶ 6; Defs.' Answer ¶ 17. Despite first stating that he asked to be moved to the ASU, Plaintiff later states that the May 1 move was "against my will." Radcliffe Decl. ¶ 8. However, he presents no evidence that he withdrew his initial request to be moved to the ASU. Plaintiff states that, while housed in the ASU, he was denied his exercise time.

Plaintiff asserts claims against Defendants Marino and Ayers under 42 U.S.C. § 1983 for allegedly violating his rights under the Eighth and Fourteenth Amendments of the United States Constitution. Plaintiff sues Defendant Ayers in his official capacity and alleges that, during the relevant period, he was responsible for the

2

administration of the prison.

## LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

## DISCUSSION

I.  Claims Against Defendant Marino

   A.  Eighth Amendment Claims

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993). The Eighth Amendment imposes duties on prison officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal

safety.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994); DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, see Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official must possess a sufficiently culpable state of mind, see id. (citing Wilson, 501 U.S. at 297).

Plaintiff argues that he was deprived of food and exercise. However, he does not plead facts nor offer evidence that Defendant Marino, with a culpable state of mind, deprived him of either.  As noted above, Plaintiff states that he refused meals because he did not want to encounter Defendant Marino.  With respect to exercise time, he states that he "was denied [his] daily allocation of exercise time" during his time in administrative segregation, Radcliffe Decl. ¶ 8; however, Plaintiff states that he asked to be placed in administrative segregation, id. ¶ 6.  Plaintiff neither pleads facts nor offers evidence from which a jury could infer that Defendant Marino acted with the intent to deprive him of food or exercise.  His inability to receive food appears to be the product of his own decisions; he cannot create an Eighth Amendment violation by depriving himself of amenities offered by prison officials.  And with regard to exercise, Plaintiff does not proffer evidence that suggests that prison officials unlawfully denied him

4

this right.[1]

Further, Defendant Marino's alleged conduct, although offensive, does not constitute an Eighth Amendment violation. Verbal sexual harassment is generally not actionable under the Eighth Amendment. Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("[T]he Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment."). In Austin, the Ninth Circuit held that a thirty-to-forty-second incident in which a prison guard exposed himself in front of and made lewd comments to a prisoner was "not sufficiently serious to constitute an Eighth Amendment violation." 367 F.3d at 1172. Here, Defendant Marino's gestures and comments were no worse than those before the court in Austin.

Accordingly, the Court grants summary judgment in favor of Defendant Marino on Plaintiff's section 1983 claim based on the Eighth Amendment.

B.  Fourteenth Amendment Equal Protection Claims

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216

---

[1] To the extent Plaintiff complains that he was unlawfully deprived of exercise while in the ASU for reasons unconnected to Defendant Marino's alleged harassment, Defendant Marino cannot be held liable. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (requiring personal participation by a defendant for liability under § 1983).

5

(1982)).

To state a claim for relief under the Equal Protection Clause, a plaintiff "'must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent.'" Byrd v. Maricopa County Sheriff's Dep't, 565 F.3d 1205, 1212 (9th Cir. 2009) (quoting Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998)). To defeat a motion for summary judgment, a plaintiff "'must produce evidence sufficient to permit a reasonable trier of fact to find by a preponderance of the evidence that the decision was racially motivated.'" Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Bingham v. City of Manhattan Beach, 329 F.3d 723, 732 (9th Cir. 2003)).

Plaintiff argues that Defendant Marino violated his equal protection rights under the Fourteenth Amendment because Defendant Marino knew that his gestures and comments "would be particularly offensive to a Hispanic male." Radcliffe Decl. ¶ 2. However, Plaintiff offers no competent evidence to support this assertion.[2] Plaintiff's own belief is not sufficient to show that Defendant Marino's actions were racially motivated.

Because Plaintiff has not established a genuine issue of material fact on whether Defendant Marino harassed him because of his membership in a protected group, the Court grants summary

---

[2] Plaintiff complains that Defendants' motion is premature in that he has not had sufficient time to conduct discovery. However, Plaintiff has not made the showing necessary, under Federal Rule of Civil Procedure 56(f), to warrant additional time to conduct discovery to oppose Defendants' motion.

6

judgment in favor of Defendant Marino on Plaintiff's section 1983 claim based on the Fourteenth Amendment.

II.  Claims Against Defendant Ayers

Plaintiff asserts his claims against Defendant Ayers under a respondeat superior theory of liability.  However, there "is no respondeat superior liability under section 1983."  Taylor, 880 F.2d at 1045; see also Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  "Liability under section 1983 arises only upon a showing of personal participation by the defendant.  A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor, 297 F.3d at 1045.  Plaintiff offers no evidence that Defendant Ayers personally participated in Defendant Marino's conduct or that he knew of the conduct and failed to prevent it.  And even if the record contained such evidence, as noted above, the challenged conduct does not violate Plaintiff's constitutional rights.

Further, assuming Plaintiff had viable claims against Defendant Ayers, he could not seek monetary damages against him. Plaintiff sued Defendant Ayers in his official capacity.  Compl. ¶ 5.  "State officers in their official capacities, like States themselves, are not amenable to suit for damages under § 1983." Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997).

Accordingly, the Court grants summary judgment in favor of Defendant Ayers on all of Plaintiff's claims.

7

CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants Marino and Ayers's Motion for Summary Judgment (Docket No. 8). The Clerk shall enter judgment and close the file. Each party shall bear his own costs.

IT IS SO ORDERED.

Dated: April 7, 2010

_____
CLAUDIA WILKEN
United States District Judge